**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANICE NEWMAN,

                          Plaintiff,

        v.

INVASIX INC., and INMODE, LTD.,

                      Defendants.

DOCKET NO.: 1:19-cv-07494

**JUDGE NAOMI REICE BUCHWALD**

---

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED by and between Plaintiff Janice Newman ("Plaintiff") and Defendants Invasix, Inc. and InMode, Ltd. ("Defendants"), by and through their respective counsel of record, as follows:

1.    <u>GENERAL PROVISIONS</u>

    1.1    <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Federal Rules of Civil Procedure 5.2 and Rule 2.H. of the Individual Practice Rules of Naomi Reice Buchwald, sets forth the procedures that must be followed and the standards that will be applied about filing documents under seal.  The parties also agree that nothing herein shall be construed as an admission that any types of documents or information described herein must be produced in this case.

   1.2 <u>Good Cause Statement</u>.  This action is likely to involve trade secrets (as that term is defined by Section 757 of the Restatement of Torts),[1] customer and pricing lists, and other valuable research, testing, formula, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, business processes; non-public business or other sensitive financial information, including, but not limited to,

---

[1] Section 757 of the Restatement of Torts defines a trade secret as: "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. It differs from other secret information in a business (see s 759) in that it is not simply information as to single or ephemeral events in the conduct of the business, as, for example, the amount or other terms of a secret bid for a contract or the salary of certain employees, or the security investments made or contemplated, or the date fixed for the announcement of a new policy or for bringing out a new model or the like. A trade secret is a process or device for continuous use in the operation of the business. Generally it relates to the production of goods, as, for example, a machine or formula for the production of an article. It may, however, relate to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates or other concessions in a price list or catalogue, or a list of specialized customers, or a method of bookkeeping or other office management."

customer lists, pricing, sales data, profit and/or loss information, sales, profit and/or loss projections, profit and loss statements, or corporate financial statements; and also include confidential research; business development, business marketing or other sensitive commercial information; formulae and formulae development; testing and test results; or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, Court rules, case decisions, or common law.

Invasix, Inc. is the marketer and distributor of the subject Fractora device. InMode, Ltd. is an Israeli company which manufactures the device. The above information is not generally known to the public or to other persons who could obtain economic value from its disclosure or use, and Defendants use reasonable efforts to maintain the secrecy of this information. The disclosure of Defendants' trade secrets, and confidential and proprietary materials and information (as described in this paragraph and below) to the public or Defendants' competitors would cause harm to Defendants' competitive positions in the marketplace.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for

and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

In addition, discovery in this action is also likely to call for materials containing medical records and Personal Health Information (as that term is defined by 42 U.S.C. §§ 1320d-1320d-8 (Section 1171 of the Health Insurance Portability and Accountability Act of 1996:  Administrative Simplification)[2] and 45 C.F.R. 160.103) and Personally Identifiable Information (as that term is used in the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809(4))[3] of Plaintiff.  This information is protected from general disclosure by multiple federal and state statutes and regulations.

2.    DEFINITIONS

2.1    Action: the above-entitled proceeding.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

---

[2] Personal Health Information includes, but is not limited to, demographic information; medical history; test and laboratory results; insurance information and other data that a health care professional collects to identify an individual and determine appropriate care.

[3] Personally Identifiable Information includes any non-public personal information, including, but not limited to, full name and iterations of name; personal identification numbers, such as social security, passport or driver's license numbers; address information; asset information; telephone numbers; personal characteristics, such as photos and other images; and information about an individual that is linked or linkable to the foregoing items.

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff and vendors provided that the vendors have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)).

2.5     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL" information in this Action.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9     "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such Information and Items include, but are not limited to, the following non-public Information and Items: documents relating to the development, testing, promotion and sale of the medical device at issue; financial data or information, including, but not limited to, information concerning sales, revenue, profit margins, costs, and/or capital expenditures; budgets, forecasts, and projections; Defendants' proprietary computer software; agreements with retailers, wholesalers, manufacturers, distributors, and/or other third-parties relating to Defendants; and/or marketing or other business strategy documents.

2.10   House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13   Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

<u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    **Information in documentary form.** The Producing Party shall affix to any Disclosure or Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate

legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) **Depositions.**  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as if it were designated "HIGHLY CONFIDENTIAL" from the date of the deposition through and including thirty (30) days after receipt of the final deposition transcript.  No later than the thirtieth day after receipt of the final deposition transcript, a party may serve a Notice of Designation to all parties of record as to specific portions of the transcript, including exhibits, that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as confidential information, unless (a) the parties agree to a different time for serving a Notice of Designation or (b) the party seeking a late designation seeks and obtains relief from the deadline from the Court for good cause shown  Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the

entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.**

(c)     **Other Material.**  For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time of identifying an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon reasonably timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process consistent with Court's rules concerning discovery-related matters.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

chosen designation. If the parties are unable to resolve the dispute though this meet and confer process or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner, a Challenging Party may seek leave to file a motion only after scheduling a conference call with the Court.

6. <u>BURDEN OF PERSUASION</u>. The burden of persuasion in any challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. The Discovery Material received in this action may not be used to prosecute any other action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the custodian, author, or recipient of a document containing the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)     Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 7.3(f) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his

or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Notwithstanding paragraph 7.4(a)(2)(i) below, unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of Court) any litigation in connection with which the Expert has offered

---

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(i)      If the time for designating any Expert has not expired and the Expert has not been disclosed pursuant to Fed. R. Civ. P. 26 or pursuant to order of the Court; or if an Expert is a consulting expert, a Party does not have to specifically comply with provisions (2) – (6) of paragraph 7.4(2)(a) above.  In such a situation, a party shall make a good faith attempt to disclose sufficient information to comply with the spirit of paragraph 7.4(2)(a) above while protecting the identity of the consulting expert or non-disclosed Expert.  Once an Expert is disclosed pursuant to Fed. R. Civ. P. 26 and/or pursuant to order of the Court, the Expert must fully comply with paragraph 7.4(2)(a) above.

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 5 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue consistent with the Court's rules related to discovery matters) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may

file a motion only after seeking leave to do so by way of a conference call with the Court. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation or a demand for the production of documents in an administrative proceeding or other similar action that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or other demand;

(b)      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or other demand, shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court or tribunal from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.

CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to

the confidentiality agreement with the Non-Party before a determination by the Court.[6] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

may be established in an e-discovery order regarding the inadvertent production of Disclosure or Discovery Material. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure in this Action of Disclosure or Discovery Material protected by the attorney-client privilege and/or work product doctrine shall not operate as a waiver of the attorney-client privilege and/or work product doctrine.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Federal Rules of Civil Procedure 5.2 and Rule 2.H. of the Individual Practice Rules of Naomi Reice Buchwald. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  In accordance with these rules, a proposed filing containing Protected Material shall be accompanied by an application to file the papers or the portion thereof containing the Protected Material (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom

the papers are directed.  If a Receiving Party desires to file Protected Material, the Receiving Party shall confer with the Designating Party in accordance with the aforementioned rules in order to afford the Designating Party an opportunity to support its position to the court in support of filing the Protected Material under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must use reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party's reasonable efforts shall not require the return or destruction of confidential information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage; (iii) unstructured departed employee data, and/or (iv) material that is subject to legal hold obligations or comingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of confidential information, but such retained information shall continue to be treated in accordance with the Order.  Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material except as otherwise permitted in this provision. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>Violations</u>.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

It is so **ORDERED** on this  4th  day of _____ June , 2020   .

<u>Naomi Reice Buchwald</u>
HON. NAOMI REICE BUCHWALD
U.S. DISTRICT JUDGE

SO STIPULATED, THROUGH COUNSEL OF RECORD:


By:  _/s/ Amy E. Davis_____ _____
Amy E. Davis (*pro hac vice*)
CHRISTIANSEN DAVIS, LLC
1021 N. Bishop Ave.
Dallas, Texas 75208
Telephone:  (214) 838-3501
adavis@cdfirm.com


*Attorneys for the Plaintiff*


By:  _/s/ Nicole M. Battisti____ _____
Arthur J. Liederman
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY  10005
Telephone: (212) 428-2480
aliederman@morrisonmahoney.com

Nicole M. Battisti
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY  10005
Telephone: (212) 428-2480
nbattisti@morrisonmahoney.com


*Attorneys for Defendants*

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case styled *Janice Newman v. Invasix, Inc., et al*., Cause No. 1:19-cv-07494.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the aforementioned Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____